# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| In re: | Chapter 11 |
|---|---|
| 10800 E. CACTUS ROAD, LLC, | No. 2:11-bk-16835-JMM |
| Debtor. | **MEMORANDUM DECISION** |

## PROCEDURAL FACTS

The instant Chapter 11 case was filed one year ago, on June 10, 2011.

It was dismissed on July 7, 2011 for failure to timely file schedules and the statement of financial affairs. Then, upon motion, it was reinstated.

The Debtor's schedules reflect ownership of a number of real estate properties, with liens on them vastly in excess of their values. The statement of financial affairs reflects no operating business. The Debtor's schedules reflect no cash, no bank accounts and no personal property, s of the day of filing.

On October 19, 2011, the Debtor filed a plan and disclosure statement. The disclosure statement was approved on November 16, 2011, and a confirmation hearing was set for January 18, 2012.

In the meantime, monthly operating reports were filed for the months of August, September and October (ECF Nos. 54, 55, 56), and June - December, 2011 (ECF Nos. 67-73) and March and April, 2012 (ECF Nos. 84, 85).

On January 18, 2012, the confirmation case was not ready to be tried, and the matter was continued to February 22, 2012. Again, on that date, it was continued again for "an evidentiary hearing on valuation and confirmation." (ECF No. 74.)

Once more, that matter was continued to April 19, 2012. And again to May 16, 2012. At that hearing, Judge Eileen Hollowell set a two-hour evidentiary hearing on <u>stay relief</u> for July 10, 2012.

On May 15, 2012, the Debtor withdrew its existing plan, with the promise that it "will file a new plan and disclosure statement at a future date." Such "future date" was unspecified. No new plan has been filed to date.

## **DISCUSSION**

It is obvious this case is going nowhere. The Debtor has stalled its creditors for an entire year, and has no plan on file. It is also obvious that the Debtor is incapable of achieving a viable reorganization, and that further delay is a burden on creditors and the court alike. The Debtor has been given more than adequate opportunity to process a case in the federal bankruptcy court, and has failed to prosecute it. Time has run out. The Debtor has no reasonable likelihood of rehabilitation (11 U.S.C. § 1129(b)(4)(A)), has no plan currently before the court despite a court order requiring it as of October, 2011 (§§ 1129, 1129(b)(4)(E) and (J)), and the case has simply languished.

Accordingly, the court will enter an order DISMISSING this case, with prejudice. No motions for reconsideration will be entertained. The Debtor's sole remedy shall be by appeal. FED. R. BANKR. P. 8002. A separate order will enter. FED. R. BANKR. P. 9021. If the Debtor refiles, the clerk is ordered to assign the case to this judge.

DATED AND SIGNED ABOVE.

| | |
|---|---|
| 1 | COPIES to be sent by the Bankruptcy Noticing Center ("BNC") to the following: |
| 2 | |
| 3 | Attorney for Debtor |
| 4 | Leonard McDonald, Attorney for The Bank of New York Mellon<br>Office of the U.S. Trustee |